Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6008 | **DATE** | 7-27-10 |
| **CASE TITLE** | Sergio Calixto (#K-67983) v. Jody Weis, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The trust fund officer at Plaintiff's current place of incarceration is ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated below. The Clerk is directed to send a copy of this order to the trust fund officer at Shawnee Correctional Center. Plaintiff is given 30 days from the date of this order to show cause why his action should not be dismissed as untimely.

*Charles Norgle*

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

   Plaintiff, Sergio Calixto, a prisoner confined at Shawnee Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on October 29, 2003, Defendants, Jody Weis, Chicago Police Captain Tud Kunid, City of Chicago Police Officers Victor Perez and Peter Medina arrested him without a warrant. He further alleges that he was detained for in excess of forty-eight hours without a probable cause hearing. Plaintiff is also suing the City of Chicago.

   The Court finds that Plaintiff is unable to prepay the filing fee. The Court grants Plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $7.36 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

**(CONTINUED)**

AWL

## STATEMENT

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983. He alleges that on October 29, 2003, Defendants arrested him without a warrant and detained him for longer than forty-eight hours without a judicial probable cause hearing. The Clerk of the Court received Plaintiff's complaint on September 21, 2010, more than two years after the alleged event.

The Court held in *Wilson v. Garcia*, 471 U.S. 261 (1984), that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2006), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). In addition, the statute of limitations begins to run for an action alleging an unlawful arrest when the events allegedly happened. *Wallace v. City of Chicago*, 440 F.3d 421, 426-27 (7th Cir. 2006), *aff'd by Wallace v. Kato*, 549 U.S. 384 (2007) (two-year limitations period for false arrest and false imprisonment claim accrues at the time of arrest and imprisonment and not at the time a plaintiff is released from custody). Because more than two years have elapsed since Plaintiff's claim as to an unlawful arrest against Defendants arose, it appears that this action is time-barred. Before finally dismissing the case, however, the Court will give Plaintiff an opportunity to show otherwise.

Accordingly, the Court gives Plaintiff 30 days from the date of this order to show cause why his action should not be dismissed as untimely.